UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEBORAH KENNEDY,

    Plaintiff,

v.

MICHAEL J. ASTRUE, et al.,

    Defendants.

2:10-cv-01136-LDG-GWF

**ORDER**

    By her complaint (#9), Deborah Kennedy seeks judicial review of the Commissioner of Social Security's denial of her claim for disability benefits under Title II of the Social Security Act. On November 11, 2011, Kennedy filed a motion to reverse or remand to agency (#25, response #26, reply #31, supplement #32) the decision to deny her claim for disability benefits. Defendant opposed and filed a cross–motion to affirm (#27, response #30). The Court referred the matter to the Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and LR IB 1-4. The Magistrate Judge issued a report and recommendation (#33), recommending that Kennedy's motion for remand be denied, and that the Commissioner's cross–motion to affirm be granted. Because neither party filed timely objections to the report and recommendation, the Court need not conduct a de novo review of the findings made therein. 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, this Court will adopt the report and recommendation and grant the Commissioner's cross-motion to affirm.

**STANDARD OF REVIEW**

The Court must independently determine whether the administrative law judge's ("ALJ's") decision is free of legal error and is supported by substantial evidence. *See Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is capable of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala,* 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). Moreover, the court "may not affirm simply by isolating a specific quantum of supporting evidence." *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989).

**ANALYSIS**

**I.     Disability Evaluation Process**

Social Security disability claims are evaluated under a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)-(f); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The claimant carries the burden with respect to steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If a claimant is found to be either disabled or not disabled at any point during the process, then no further assessment is necessary. 20 C.F.R. § 404.1520(a). Under the first step, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(b). If so, the claimant is not considered disabled. *Id.* § 404.1520(b). Second, the Commissioner determines whether the claimant's impairment is severe. *Id.* § 416.920(c). If the impairment is not severe, the claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant will be considered disabled if the claimant's

impairment meets or equals a listed impairment. *Id.* § 404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant can perform past relevant work. *Id*. § 416.920(e). If the claimant can engage in past relevant work, then the claimant is not considered disabled. *Id.* § 404.1520(e). If the claimant cannot perform past relevant work, the Commissioner has the burden to prove the fifth and final step by demonstrating that the claimant is able to perform other kinds of work. *Id.* § 404.1520(f). If the Commissioner cannot meet his or her burden, the claimant is entitled to disability benefits. *Id.* § 404.1520(a).

Plaintiff argues that the ALJ (1) erred at step three of the analysis in finding that her disability never reached the level of severity that would have prevented her from working for a period of 12 continuous months; (2) improperly determined that she had the residual functional capacity (RFC) to perform the full range of light work; and (3) improperly determined that she was able to perform past relevant work.

## II. The ALJ properly identified Plaintiff's impairment as insufficient to establish disability

If the claimant's impairment meets or equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App.1, the claimant is considered disabled. *Id.* § 404.1520(d). Title 20 C.F.R. § 404.1525(c)(4) provides the following guidance in evaluating a listed impairment:

> Most of the listed impairments are permanent or expected to result in death. For some listings, we state a specific period of time for which your impairment(s) will meet the listing. For all others, the evidence must show that your impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months.

Plaintiff's systematic lupus erythematosus (SLE) is a listed impairment. However, no specific period of time is identified. *See* 20 C.F.R. § 404, Subpt. P, App. 1. §14.02. Therefore, the medical evidence must show that Plaintiff's impairment has lasted or can be expected to last for a continuous period of at least 12 months. As the Magistrate Judge determined, however, Plaintiff failed to provide evidence demonstrating that her SLE lasted or could be expected to last for a continuous period of at

least 12 months. Therefore, the ALJ did not err in identifying Plaintiff's impairment as insufficiently severe to establish disability.

### III. The ALJ properly found that Plaintiff had a residual functional capacity to allow her to perform a full range of light work

A finding that the claimant possesses RFC allowing her to perform a full range of light work supports the conclusion that the claimant is not disabled. Light work is defined in 20 C.F.R. §404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

After considering Plaintiff's medical evidence, the ALJ concluded that the evidence failed to demonstrate that Plaintiff could not perform a full range of light work. Plaintiff argues that the ALJ erred in arriving at this conclusion. Plaintiff relies on two opinion letters written by her treating physician, as well as additional evidence not considered by the ALJ but presented to the Appeals Council. The first of the treating physician's two letters is a one-paragraph to-whom-it-may-concern letter written on January 14, 2008, stating, "[m]y opinion is, [Plaintiff] cannot work and maintain a job." The second, written on November 2, 2011, was substantially similar to the first with the exception of an additional sentence stating: "[Plaintiff] couldn't work from November 2005 to January 2008 because of the above problems."

The ALJ properly gave both opinions no weight for a number of reasons. For one, the 2008 opinion was written a year-and-a-half after Plaintiff's date last insured, thus failing to demonstrate that Plaintiff was disabled prior to her date last insured, as required for disability benefits under

4

Title II of the Act. *See* 20 C.F.R. § 404.131(b). For another, both the 2008 and 2011 opinions set forth no functional limitations, instead opining only on the ultimate issue of whether Plaintiff was disabled, an issue that is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e). Finally, both the 2008 and 2011 opinions were not well-supported with substantial evidence in the record. Therefore, consistent with 20 C.F.R. § 404.1527(d)(2), which states that the ALJ is required to give a treating physician's opinion controlling weight only when the opinion is well-supported and not inconsistent with substantial evidence in the record, the Magistrate Judge correctly determined that the ALJ properly gave no controlling weight to the opinions.

As for the additional evidence submitted only to the Appeals Council, the evidence fails to demonstrate that Plaintiff could not perform a full range of light work; instead, the evidence demonstrates that Plaintiff's impairment was well controlled and did not prevent her from performing a full range of light work. Therefore, even in light of the additional evidence, the Magistrate Judge's determination that Plaintiff had the residual functional capacity to perform a full range of light work was correct.

**IV.     The ALJ properly found that Plaintiff could perform her past relevant work**

A claimant is not disabled if she can perform past relevant work either as "the claimant actually performed it or as generally performed in the national economy." *See* 20 C.F.R. § 404.1560(b)(2). Plaintiff testified that she performed past work as a bookkeeper and a timeshare sales agent. Bookkeeping is considered a sedentary job. As stipulated by 20 C.F.R. § 404.1567(b), "[i]f someone can do light work . . . he or she can also do sedentary work." Because the ALJ properly found that Plaintiff could perform a full range of light work, Plaintiff can also perform her past relevant work of bookkeeping. As for timeshare sales agent work, the Dictionary of Occupation Titles used by the Commission characterizes real estate sales agent duties — duties very similar to those of a timeshare sales agent — as rising only to a level of light exertion.

5

1  Therefore, the Magistrate Judge correctly recommended that the ALJ properly determined that
2  Plaintiff could also perform her past relevant work as a timeshare sales agent.

3  **V.     Plaintiff's extra-record evidence fails to warrant remand**

4  The Court may consider extra-record evidence in making a determination of whether
5  remand is proper. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990).  Under 42 U.S.C. §
6  405(g), remand is warranted only if there is new evidence that is material and there was good cause
7  for the late submission of the evidence. "New evidence is material if it 'bear[s] directly and
8  substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new
9  evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268
10 F.3d 824, 827 (9th Cir. 2001) (citations omitted).  If new information surfaces after the
11 Commissioner's final decision and that evidence could not have been obtained at the time of the
12 administrative proceeding, the good cause requirement is satisfied.  *See Booz v. Secretary of*
13 *Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984).

14 As the Magistrate Judge concluded, all but one piece of Plaintiff's extra-record evidence
15 lacks materiality and, therefore, may not be considered by the Court.  The only material piece of
16 extra-record evidence is an expert report from a vocational expert that challenges the opinion of the
17 vocational expert used in the ALJ's determination.  The Court agrees with the Magistrate Judge,
18 however, that this evidence may not be considered.  Plaintiff failed to show good cause for her
19 failure to provide the report for consideration to the ALJ or the Appeals Council.  Therefore,
20 Plaintiff's extra-record evidence does not warrant a remand.

21                                    **CONCLUSION**

22 The Court holds the Magistrate Judge's report and recommendation is sound in finding that
23 the ALJ's decision is supported by substantial evidence, and no legal error was committed.  In
24 addition, the evidence submitted for Appeals Council review and the extra-record evidence
25 submitted to the Court by Plaintiff do not warrant a remand for further proceedings.  Accordingly,
26

1 THE COURT **ADOPTS** the report and recommendation (# 33); THE COURT **ORDERS** that
2 Plaintiff's motion for remand (# 25) is DENIED; and THE COURT FURTHER **ORDERS** that the
3 Commissioner's cross–motion to affirm (# 27) is GRANTED.

5 DATED this ___11___ day of June, 2012.

7 _____
Lloyd D. George
United States District Judge